IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SYLVESTER PASKEL                          :
                                          :
        v.                                :
                                          :        NO.  13-5755
THE CITY OF PHILADELPHIA; MICHAEL         :
NUTTER, LOUIS GIORLA, and                 :
JOHN DELANEY                              :
                                          :
                                          :

NORMA L. SHAPIRO, J.                                November 17, 2014

## MEMORANDUM

Before the court is defendants' motion to dismiss plaintiff's amended complaint.  Plaintiff

Sylvester Paskel, in custody at the Curran-Fromhold Correctional Facility when he filed this action,

alleges housing in an overcrowded cell at the Curran-Fromhold Correctional Facility, inadequate

medical treatment, and a fall from an upper tier.  Plaintiff brings this action under 42 U.S.C. § 1983.

The court granted plaintiff's application to proceed *in forma pauperis* and plaintiff filed a form

complaint naming Mayor Nutter, Commissioner Giorla and Warden Delaney as defendants.  The

City filed a motion to dismiss on behalf of the named defendants.  The motion was unopposed.  The

court granted defendants' motion to dismiss but granted plaintiff leave to amend his complaint.

Plaintiff then filed an amended complaint naming Mayor Nutter, Commissioner Giorla, Warden

Delaney, and the City of Philadelphia as defendants.  The City filed a motion to dismiss on behalf of

all the named defendants.[1]  The motion was unopposed.

## I.      BACKGROUND

Plaintiff alleges during his incarceration within the Philadelphia Prison System he was

---

[1] Defendants' motion to dismiss plaintiff's amended complaint is miscaptioned as a second motion to dismiss on the docket.

housed in a "3 man/4 man cell" and forced to sleep in a plastic boat on the floor. *See* Amended

Complaint ¶¶ 4,7 (paper no. 13). Plaintiff alleges he was subjected to rodent and insect infestations

from birds, spiders, roaches, cockroaches, and mice. *Id.* at ¶¶ 4-5. He further alleges he was

subjected to overcrowded conditions including: inadequate recreational, living, and sleeping space;

poor ventilation and air quality; and damaged mattresses and sheets. *Id.* at ¶5.

Plaintiff alleges he received a "Priority Bottom Bunk" slip from Medical on October 1, 2012

because he had a pre-existing condition of Epilepsy and suffers from seizures, but still was forced to

sleep inside a plastic boat because there were no bottom bunks available. *Id.* at ¶4. Plaintiff alleges

he broke his toe when he hit his right foot against the hard wall of a plastic boat while in seizure.

*Id.* He alleges he was rushed to the hospital where hospital staff failed to diagnose his broken toe;

his toe was not diagnosed as broken until his foot was x-rayed six days later. *Id.*

The settlement agreement in *Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No.

87, pertaining to a class of current and future persons confined in the Philadelphia Prison System

granted class based relief, but excluded individual claims for damages. Section X(A) states,

"plaintiffs do not waive their rights to pursue individual claims for monetary damages under federal

or state law." *Id.* All such actions have been assigned to this court.

In the amended complaint, plaintiff also states he fell from an upper tier after suffering a

seizure. *Id.* at ¶4. Claims arising from this fall were litigated against the City of Philadelphia in

*Paskel v. City of Philadelphia*, No. 13-5976 (E.D. Pa. May 20, 2014) (paper no. 42), and judgment

was entered in favor of the City of Philadelphia. Although Plaintiff states in the amended complaint

this fall should "not [be] included in this civil action," *id.* at ¶ 4, he alleges the overcrowded

conditions caused plaintiff to be assigned an upper tier cell. *Id.* at p.4. Plaintiff also seeks punitive

damages for emotional stress and anguish caused by his upper tier assignment.

## II.      STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of

an action for failure to state a claim upon which relief can be granted.  A complaint must contain

sufficient facts that, when accepted as true, state a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).  A complaint is facially

plausible if it pleads "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 663. "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements," do not establish a

plausible allegation.  *Id.*  Legal conclusions must be supported by "well-pleaded factual

allegations." *Id.* at 664.

## III.     DISCUSSION

Section 1983 provides a remedy for deprivation of rights established in the Constitution

or by federal law.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the

defendant, acting under color of state law, deprived him of a right secured by the Constitution or

the laws of the United States.  *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).

Liability under § 1983 cannot be premised on the theory of respondeat superior; personal

wrongdoing of each individual defendant must be shown "through allegations of personal

direction or of actual knowledge and acquiescence."  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d

Cir. 2005).  The plaintiff must allege defendant's personal involvement because a defendant

cannot be held liable for a constitutional violation he did not participate in or approve.  *Baraka v.*

*McGreevey,* 481 F.3d 187, 210 (3d Cir. 2007).

In the amended complaint, plaintiff claims: (1) inadequate and unsafe housing conditions

in the overcrowded Philadelphia Prison System; (2) inadequate medical treatment for his broken

toe; and (3) a fall from an upper tier.  Plaintiff appears to be making Section 1983 claims for

violations of Fourteenth Amendment due process.  Due process is violated if a detainee is

"punished prior to an adjudication of guilt."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Plaintiff alleges defendants are "knowingly responsible and negligent parties for the

allegations set forth within [the amended] complaint."  Amended Complaint ¶ 2.  Plaintiff

alleges: Mayor Michael Nutter had knowledge of the overcrowding conditions and rodent and

insect infestation at CFCF and failed to try to remedy the situation; Warden John Delaney was

the warden during plaintiff's injuries, had "sticky fingers," and was aware of every claim made

by plaintiff; and Commissioner Louis Giorla had factual knowledge of every incident in the

Philadelphia Prison System.  *Id.* at p.5.  Plaintiff also pleads defendants had "factual knowledge

of all incidents, and accidents that occur within the walls of not only CFCF but its other

Philadelphia County Prisons and Community Correction Centers as well."  *Id.*

1.      **Claim 1: Inadequate and Unsafe Overcrowded Housing Conditions**

Plaintiff's allegations that Mayor Nutter and Commissioner Girola knew of prison

overcrowding, without accompanying facts or averment that defendants were aware of the

specific treatment of one individual, are conclusory and not sufficient to state a claim against

individual defendants.  *See, e.g.*, *Iqbal*, 556 U.S. at 680-81 (dismissing petitioner's claim senior

government officials "'knew of, condoned, and willfully and maliciously agreed to subject [him]'

to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion,

race, and/or national origin and for no legitimate penological interest' [because] 'the conclusory

nature of respondent's allegations, rather than their extravagantly fanciful nature, [] disentitles

them to the presumption of truth'"); *see Santiago v. Warminster Twp.*, 629 F.3d 121, 134 (3d Cir.

2010) (a complaint implying a police supervisor was present "still does not aver that [the

supervisor] knew of the allegedly excessive force, nor does it give rise to the reasonable inference that he was aware of the level of force used against one individual.").

Plaintiff's claims alleging Warden Delaney "was warden during my injury" and was aware of every claim made by plaintiff fail to plead adequately the Warden's personal involvement. A civil rights complaint is adequate when it states the conduct, time, place, and persons responsible. *Evancho*, 423 F.3d at 353. Here, plaintiff's complaint fails to allege Warden Delaney's personal involvement adequately. Plaintiff does not allege Warden Delaney personally directed his housing assignment, was involved in the acts complained of, or had personal knowledge of the plaintiff's specific claims. Plaintiff's claims are based upon the doctrine of respondeat superior, and do not adequately allege defendant's personal involvement. *See Evancho*, 423 F.3d at 353-355; *Gay v. Petsock*, 917 F.2d 768 (3d Cir. 1990).

Plaintiff alleges the City of Philadelphia oversees, operates, and funds the Philadelphia County Prison Systems and CFCF. *Id.* at ¶ 3. To state a claim against the City of Philadelphia, plaintiff must allege a violation of his constitutional right was the result of the City's official policy or custom. *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 (3d Cir. 2013). The City cannot be held liable based only on the acts of its employees. A city can only be liable when the alleged constitutional violation "implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). Plaintiff failed to state his housing conditions were caused by a policy or a custom of the City. The complaint fails to state a claim against the City of Philadelphia.

**2.      Claim 2: Inadequate Medical Treatment**

Plaintiff alleges inadequate medical treatment based on a failure to diagnose his toe as

broken after he hit it while having a seizure in a plastic boat.  The amended complaint includes no allegations linking this alleged medical mistreatment to the named defendants.  Plaintiff also has not named the prisons' medical providers or the hospital where he received treatment as defendants.

**3.      Claim 3: Fall From an Upper Tier in the Prison**

Plaintiff alleges overcrowded conditions caused plaintiff to be assigned an upper tier cell from which he fell.  Res judicata bars plaintiff from bringing an action based on this fall.  *See Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010) (enumerating the elements of res judicata).  Claims arising from plaintiff's fall were litigated against the City of Philadelphia in *Paskel v. City of Philadelphia*, No. 13-5976 (E.D. Pa. May 20, 2014) (paper no. 42), and judgment was entered in favor of the City of Philadelphia.

**IV.      CONCLUSION**

Defendants' motion to dismiss plaintiff's amended complaint will be granted.  An appropriate order follows.